IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LUKE CASH AND AMI GALLAGHER, | § § | |
| *Plaintiffs*, | § § § § § | CIVIL ACTION NO. _____ |
| v. | § § § § § | |
| CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, | § § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW Plaintiffs, Luke Cash and Ami Gallagher ("Plaintiffs"), and file this, their Original Complaint against CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("Defendant"), and in support thereof, would respectfully show as follows:

**I.**

**NATURE OF THE CASE**

1.01   This is a suit for breach of contract, negligence, negligent misrepresentation and fraud, arising out of incidents that occurred on or about February 7, 2013 onboard the MV CARNIVAL TRIUMPH (the "Vessel"), wherein Plaintiffs, who were passengers, were injured as a result of the unseaworthy, unsafe and unsanitary, conditions of the Vessel created by the Defendant's tortious and negligent conduct.

1

## II.

## JURISDICTION AND VENUE

2.01    Plaintiffs' claims against Defendant present an admiralty or maritime case within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. section 1333, and are brought pursuant to the General Maritime Law, and any other applicable laws and/or provisions.

2.02    **Maritime Contract Jurisdiction**.  Plaintiff's claim against Defendant's for breach of Plaintiff's maritime contract with Defendant invokes admiralty jurisdiction based upon the existence of a "maritime contract."  *See Sanderlin v. Old Dominion Stevedoring Corp., 385 F.2d 79, 81 (4th Cir. 1967); Stein Hall & Co., Inc. v. S.S. Concordia Viking, 494 F.2d 287, 290 (2d Cir. 1974).*

2.03    **Maritime Tort Jurisdiction**.  This Court has admiralty jurisdiction over Plaintiff's maritime tort claim(s) against Defendant for fraud and misrepresentation in connection with the formation and performance of a "maritime contract."  *See Wiedemann & Fransen APLC v. Hollywood Marine, Inc., 811 F.2d 864 (5th Cir. 1987) (quoting Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 266 (1972)).*

2.04    **Supplemental Jurisdiction**.  In the alternative, Plaintiff's claims against Defendant present a case within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. section 1367.

2.05    Venue for maritime claims is proper pursuant to Rule 82 of the Federal Rules of Civil Procedure, and for claims over which there supplemental jurisdiction, pursuant to 28 U.S.C. section 1391(b)(2), and pursuant to contract between the Parties.  The events made the basis of this claim originated in Galveston, Texas.

## III.

## PARTIES

3.01     Plaintiffs are residents of Harris County, Texas.

3.02     The Vessel is a Bahamas-flagged passenger / cruise vessel of 101,509 gross tons, built in 1999, which is owned, managed and/or operated by Defendant.

3.03     Defendant Carnival Corporation d/b/a Carnival Cruise Lines, is a corporation incorporated under the laws of Panama, and having its principal place of business in Doral, Florida.  Carnival Corporation d/b/a Carnival Cruise Lines, may be served with process by serving its agent for service of process, NRAI Services Inc., 515 East Park Avenue, Tallahassee, Florida, 32301.

## IV.

## BACKGROUND

4.01     On or about February 7, 2013, Plaintiffs boarded the Vessel in Galveston, Texas to be wed and celebrate their union in Mexico, and aboard the Vessel. Accompanying them was much of their wedding party and relatives who would be attending.  The cruise was to arrive back in Galveston in February 11, 2013.

4.02     At all relevant times, the Vessel was owned, operated managed, and otherwise controlled by Defendant, and situated in the navigable waters of the United States.

4.03     On or about February 10, 2013, when the Vessel was approximately 150 miles off Mexico's Yucatan Peninsula, an engine room fire knocked out its primary power source, crippling its water and plumbing systems and leaving it adrift.

4.04    Until the Vessel disembarked passengers, including Plaintiffs, Plaintiffs were forced to endure deplorable, unsafe and unsanitary conditions, including but not limited to, sweltering temperatures, lack of power and air conditioning, lack of hot or running water, and lack of working toilets.  As the Vessel was finally aided by slow-to-arrive tug boats, and slowly towed to shore, Plaintiffs feared for their lives and the lives of their friends and family members on board as they were under constant threat of contracting serious illness by the raw sewage filing the Vessel, and suffering actual or some bodily injury.

4.05    During the tow back to the mainland, the Vessel listed sharply several times, causing human waste to spill out of non-functioning toilets, flood across the Vessel's floors and halls, and drip down the Vessel's walls.  Plaintiffs were forced to endure intolerable odors and wade through human feces in order to reach food lines where the wait lasted hours, only to receive rations of spoiled food.  Plaintiffs were forced to subsist for days in these conditions.

4.06    As a result of the Defendant's negligence and other acts and failures to act, Defendant caused Plaintiffs to be exposed to the unsafe, unsanitary, savage conditions onboard the Vessel, and further causing Plaintiffs to suffer risk of, or actual, physical injuries and extreme mental anguish.

## V.

## FIRST CAUSE OF ACTION

### *Breach of Maritime Contract*

5.01    Plaintiffs re-alleges all prior paragraphs as though fully set forth herein.

5.02    Plaintiffs and Defendant entered into a contract whereby Plaintiffs were to be provided a vacation cruise which included safe passage on a seaworthy vessel, adequate food and drink, and sanitary and safe living conditions.

5.03    Defendant materially breached this contract with Plaintiffs by failing to provide safe passage on a seaworthy vessel, adequate food and drink, and sanitary and safe living conditions.

5.04    As a result of Defendant's breach of contract, Plaintiffs suffered serious physical and emotion, including but not limited to anxiety, nervousness, loss of the enjoyment of life, and other related damages.

## VI.

## SECOND CAUSE OF ACTION
### *Negligence*

6.01    Plaintiffs re-alleges all prior paragraphs as though fully set forth herein.

6.02    At all times material hereto, Defendant had a duty to provide Plaintiffs with a safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiffs to suffering or inconvenience.  *Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984).*

6.03    Defendant, through their agents, servants and/or employees, were careless and negligent by, inter alia:

      a.      Negligently causing a fire on board the Vessel; and/or

      b.      Negligently allowing a fire to occur on board the Vessel; and/or

      c.      Negligently failing to have proper procedures in effect to avoid the Vessel catching fire and damaging the propulsion system; and/or

      d.      Negligently failing to have proper procedures in place to power the Vessel after a fire did occur; and/or

      e.      Failing to properly maintain the Vessel and its equipment so as to cause a fire to break out, resulting in a loss of power to the vessel;

      f.      Failing to provide safe and sanitary living conditions;

      g.      Denying Plaintiffs the standard of accommodations for which he and she contracted in advance of departure;

      h.      Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of passengers of the Vessel;

      i.      Negligently maintaining the Vessel;

      j.      Failing to promulgate and enforce reasonable rules and regulations to insure the safety and health of passengers aboard the Vessel, and;

      k.      Failing to observe, obey and enforce applicable safety and sanitation regulations aboard the Vessel.

6.04    By reason of Defendant's acts and failures to act, Plaintiffs endured an excruciating voyage in deplorable, unsanitary conditions, with the risk of actual physical injury, or actual physical injury.

6.05    As a proximate result of the Defendant's conduct, Plaintiffs were injured in mind and body as pled herein.

## VII.

## THIRD CAUSE OF ACTION

### *Negligent Misrepresentation*

7.01   Plaintiffs re-alleges all prior paragraphs as though fully set forth herein.

7.02   Plaintiffs alleges that Defendant, through their multi-media advertising campaigns, made presentation and offers to Plaintiffs for a luxurious, stress-free, vacation aboard the Vessel, to induce them to contract with Defendant for passage on a seaworthy Vessel.

7.03   Defendant knew the vessel was not seaworthy, either at the time it contracted with Plaintiffs, or at the point of departure, but did not advise Plaintiffs the Vessel had and was experiencing problems with its propulsion and/or engine room fire suppression equipment.

7.04   Plaintiffs justifiably relied on the representations made by Defendant when choosing to book their passage aboard the Vessel, and to depart Galveston, Texas, aboard the Vessel.

7.05   Defendant's representations were material, false and misleading, as Plaintiffs spent, what was to be a once-in-a-lifetime wedding and trip with family and friends, trapped aboard the disabled Vessel, suffering in the above-described conditions.

7.06   As a consequence of relying on Defendant's representations, Plaintiffs have been injured in mind and body.

## VIII.

## FOURTH CAUSE OF ACTION

### *Fraud*

8.01    Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

8.02    Defendant, at all relevant times, knowingly made false statements to Plaintiffs concerning material fact(s), namely, that the Vessel was seaworthy, and that Plaintiffs would be provided passage on a seaworthy vessel, and enjoy safe, sanitary living conditions while aboard the Vessel.

8.03    Defendant intended that the Plaintiffs rely upon these statements and Plaintiffs did reasonably rely upon them.

8.04    Defendant knew the Vessel was not seaworthy, but nonetheless allowed Plaintiffs to board the Vessel in Galveston.

8.05    As a consequence of relying on Defendant's fraudulent statements, Plaintiffs has been injured in mind and body, including physical injuries or risk of physical injuries, anxiety, nervousness, loss of the enjoyment of life and other related damages, all of which is prayed for below.

## IX.

## JURY

Plaintiffs demands a jury.

## X.

## PRAYER

WHEREFORE, Plaintiffs prays for the following relief:

A.    As to the First Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      Attorney's fees pursuant to law;

      (3)      Pre- and post-judgment interest; and

      (4)      Court costs.

B.      As to the Second Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      Exemplary damages;

      (3)      Pre- and post-judgment interest; and

      (4)      Court costs.

C.      As to the Third Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      Exemplary damages;

      (3)      Pre- and post-judgment interest; and

      (4)      Court costs.

D.      As to the Fourth Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      Exemplary damages;

      (3)      Attorney's fees pursuant to law:

      (4)      Pre- and post-judgment interest; and

      (5)      Court costs.

E.      As to all causes of action, for all and further relief to which Plaintiffs may show him and her justly entitled.

Respectfully submitted,

JONES, GILLASPIA & LOYD, L.L.P.

/s/ John Bruster Loyd

John Bruster Loyd
State Bar No. 24009032
SDTX No. 23240
4400 Post Oak Parkway, Suite 2360
Houston, Texas 77027
Telephone: 713.225.9000
Facsimile:   713.225.6126

ATTORNEYS FOR PLAINTIFFS
LUKE CASH AND AMI GALLAGHER